UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICAH RENE HEWITT** | * | **CIVIL ACTION NO.** |
| | * | |
| **- VERSUS -** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE** |
| **W&T OFFSHORE, INC.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel comes Complainant, **MICAH HEWITT**, who files his Original Complaint as follows:

PARTIES

I.

Parties named herein are as follows:

A. Named Complainant herein is:

1. MICAH HEWITT, an individual of the full age of majority, a citizen and resident of Youngsville, Louisiana;

B. Named Respondent herein is:

1. Respondent, W&T OFFSHORE, INC., a Texas business corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

1

## JURISDICTION AND VENUE

II.

Complainant, MICAH HEWITT, brings this action pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331; and the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, et seq.

III.

Venue is proper in accordance with 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. In addition, and in the alternative, venue is proper because Respondent resides in this district and/or Respondent is subject to personal jurisdiction in this District.

## FACTS

IV.

Complainant, MICAH HEWITT, would show that this lawsuit has become necessary as a result of personal injuries sustained by him on or about May 8, 2021, during the course and scope of his employment as a mechanic for Pelstar Mechanical Services, LLC.

V.

At all material times hereto, Complainant, MICAH HEWITT, was a worker covered under the Longshore and Harbor Workers' Compensation Act (LHWCA).

VI.

At all material times hereto, Complainant, MICAH HEWITT, was working onboard the Main Pass 283 a deep-water oil and gas production oil platform, located on navigable waters of the United States in the Gulf of Mexico approximately 50 miles the coast of Louisiana.

VII.

At all material times hereto, the Main Pass 283 was owned and operated by Respondent, W&T OFFSHORE, INC.

VIII.

At all material times hereto, employees and/or agents of Respondent, W&T OFFSHORE, INC., were working aboard the Main Pass 283. Complainant's employer, Pelstar Mechanical Services, LLC., was contracted to perform services for Respondent, W&T OFFSHORE, INC.

VIV.

At the time of the occurrence, employees and/or agents of Respondent, W&T OFFSHORE, INC., negligently caused Complainant, MICAH HEWITT, to suffer personal injuries when his right foot was smashed by a crate.

X.

At the time of the occurrence, Complainant, MICAH HEWITT, was standing to the front and side of the crate that was on a dolly while employees and/or agents of Respondent, and Pelstar Mechanical Services, LLC. had no supervision or control over employees and/or agents of said Respondent.

XI.

Employees of Respondent, W&T OFFSHORE, INC., were moving the large crate in an attempt to load the crate into the "grocery box" from the motor control center, "MCC". One of Respondent's employees was maneuvering the crate on a dolly while the other stood by to visually assist. Employees of said Respondent negligently handled the large crate. The crate slid off the dolly and struck MICAH HEWITT's right foot.

FIRST CAUSE OF ACTION FOR NEGLIGENCE

XII.

Complainant, MICAH HEWITT, would show that on or about May 8, 2021, Respondent, W&T OFFSHORE, INC., was negligent and said negligence was approximate cause of Complainant's injuries. On or about May 8, 2021, Respondent, W&T OFFSHORE, INC., violated the duty which it owed to the Complainant to exercise ordinary care in one or more of the following particulars:

1. In failing to provide proper tools, equipment, and gear;
2. In failing to properly inspect and maintain tools, equipment, and gear;
3. In failing to provide adequate training to crew conducting operations;
4. In failing to provide a competent crew for performing operations;
5. In failing to provide adequate supervision for operations;
6. In failing to intervene in the unsafe acts of another;
7. In failing to properly oversee the operations;
8. In failing to get approval for and give notification of operations;
9. In failing to provide safe and adequate dollies for operations;
10. Other negligent acts or omissions as proven at time of trial.

XIII.

On said date, and as a direct and proximate result of the negligent acts of Respondent, W&T OFFSHORE, INC, Complainant, MICAH HEWITT, sustained severe and painful injuries to his right foot. Said occurrence and said injuries occurred as a proximate result, in whole or in part, of the initial acts and/or negligence or lack of attention, on the part of said Respondent, their servants and/or employees.

XIV.

The breach of this duty of care by Respondent, W&T OFFSHORE, INC., its agents, servants, and/or employees, arose directly out of, and was done in prosecution of, the business that they were employed to do by their principals or employers, who are therefore liable under the doctrine of Respondent Superior for the negligent actions of their agents or employees.

SECOND CAUSE OF ACTION

XV.

Complainant asserts a second cause of action against Respondent, W&T OFFSHORE, INC, in its capacity as the owner and operator of Main Pass 283, an offshore oil platform. Complainant asserts this cause of action against said Respondent under Louisiana Civil Code Articles 2315, 2316, 2317, and/or 2317.1. As owner and/or operator of the Main Pas 283, Respondent, W&T OFFSHORE, INC., had a duty to discover any unreasonably dangerous conditions on Main Pass 283 and to either correct those conditions or warn potential victims of said conditions.

XVI.

Complainant, MICAH HEWITT, would show that on or about May 8, 2021, Respondent, W&T OFFSHORE, INC, was negligent and said negligence was approximate cause of Complainant's injuries. On or about May 8, 2021, Respondent, W&T OFFSHORE, INC., violated the duty(ies) which it owed to the Complainant as owner and/or occupier of the Main Pass 283 in one or more of the following particulars:

1. In failing to properly oversee the operations of various contractors;
2. In failing to intervene in the unsafe acts of another;
3. In failing to provide adequate tools, equipment, and gear for the operations at hand;
4. In failing to provide an adequate work space free from reasonable hazards;

5. In failing to warn Complainant;

6. In failing to maintain equipment in safe, working condition;

7. In failing to notify those in shared workspace of the risk of dolly operations and large loads;

8. In failing to maintain the oil platform in reasonably safe condition; and,

9. Other particulars as proven at the time of trial.

## DAMAGES

XVII.

Complainant, MICAH HEWITT, has suffered a loss of earnings in the past, including, but not limited to, significant business losses due to his serious injuries, which will in reasonably medical probability continue in the future. The Complainant has incurred significant medical expenses, including, but not limited to, expenses related to doctor's visits, hospital visits, medications and therapeutic treatment in the past, which will continue in reasonable medical probability in the future. The Complainant has endured enormous physical pain and mental anguish as a result of the occurrence in question, which will in all probability continue in the future. The Complainant has endured a loss of mobility and physical impairment as a result of the occurrence in question, and will in all probability, will continue into the future for these and other damages set out herein. Complainant, MICAH HEWITT, has thus been damaged in the past and will be damaged in the future in sums of money far in excess of the jurisdictional requirements of this Honorable Court.

XVIII.

By reason of the foregoing premises and legal result thereof, Complainant, MICAH HEWITT, has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Respondent, W&T OFFSHORE, INC. is liable to Complainant:

1. Reasonable and necessary medical expenses in the past and in the future;

2. Physical pain and suffering in the past and in the future;

3. Mental anguish in the past and in the future;

4. Loss of wage-earning capacity in the past and in the future;

5. Physical impairment in the past and in the future;

6. All damages allowed under law; and,

7. Any other relief to which Complainant is entitled under law or equity.

## JURY DEMAND

XIX.

Complainant, MICAH HEWITT, hereby requests a trial by jury on all issues raised herein.

## PRAYER

XX.

WHEREFORE, W&T OFFSHORE, INC be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Complainant, MICAH HEWITT have judgment against Respondent, W&T OFFSHORE, INC., in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Complainant must show himself justly entitled.

[SIGNATURE BLOCK ON FOLLOWING PAGE

Respectfully submitted,

**DELISE & HALL**

  /s/*Bobby J. Delise*
**BOBBY J. DELISE T.A. (#4847)**
**JEANNETTE M. DELISE (#38187)**
5190 Canal Blvd., Suite 103
New Orleans, LA  70124
Telephone: (504) 836-8000
Telecopier: (504) 836-8020
bdelise@dahlaw.com
jdeliselaw@gmail.com

- AND -

**ALTON J. HALL, JR. (#20846)**
528 W. 21st Avenue
Covington, LA 70433
Telephone: (985) 249-5915
Telecopier: (985) 809-5787
ahall@dahlaw.com

**Counsel for Complainant,**
**MICAH HEWITT**

**WAIVE SERVICE AT THIS TIME FOR:**

W&T OFFSHORE, INC.

8